**In re TWO OIL, INC.**

v.

**TAMPIMEX, INC.**

Bankruptcy No. 82–01523–H1–5.
Adv. No. 83–0595–H1.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

March 27, 1986.

James C. Kean, Dotson & Babcock & Scofield, Houston, Tex., for Tampimex, Oil Intern., Ltd.; William M. Schultz, Dotson, Babcock & Scofield, of counsel.

George H. Tarpley, Sheinfeld, Maley & Kay, Houston, Tex., for Two Oil, Inc.

EDWARD J. RYAN, Bankruptcy Judge.

Two Oil, Incorporated ("Two Oil") is a Chapter 11 debtor in possession which, under 11 U.S.C. § 547, seeks to set aside an alleged preferential transfer made to Tampimex Oil International, Ltd. ("Tampimex"). The facts of the case are as follows:

Two Oil arranged with its only bank, Houston City Bank, now BancTexas, ("the Bank") for a line of credit which was secured by all the assets and inventory of Two Oil. The value of the assets and inventory pledged by Two Oil was at all relevant times at least equivalent to the amount of the line of credit, which varied between $3.8 million and $5.5 million in value. Additionally, the Bank secured the line of credit with the guaranties of James Singleton, R.E. Lombard, R.D. Gatton, Thomas Thompson, and a Certificate of Deposit in the amount of approximately four million ($4,000,000.00) dollars provided by Gulf States Refining Co., a company controlled by Mr. Thompson. Based on this line of credit, Two Oil was able to obtain letters of credit from the Bank for the benefit of its oil and gas trading partners.

On or about December 8, 1981, at Two Oil's request, an exchange agreement was entered into between Two Oil and Tampimex whereby Tampimex would deliver 50,-000 barrels of No. 2 fuel oil to Two Oil; this December agreement contemplated the transfer of No. 2 fuel oil to Tampimex from Two Oil in January 1982.

On December 9, 1981, Tampimex delivered by book transfer the 50,000 barrels of oil which Two Oil contemporaneously sold to Mellon Energy. In order to fit Two Oil's supply and distribution requirements, Two Oil requested and received an extension of the January delivery of product to Tampimex. In February, 1982, as a further accommodation of Two Oil's needs, Two Oil requested and received a purchase agreement whereby Two Oil agreed to purchase the outstanding exchange balance. Under the February 26, 1982 purchase agreement, Two Oil acquired and Tampimex sold the exchange balance for $2,142,000. At each of these times, Tampimex requested and Two Oil obtained an extension of the Letter of Credit which was finally extended to

March 10, 1982. At the time of their agreement concerning the sale of the exchange balance, the parties also agreed that payment would be made by wire transfer on or before March 4, 1982.

On March 4, 1982, Tampimex received by wire transfer the total purchase price in the amount of $2,142,000.00.

On June 1, 1982, Two Oil filed its petition for relief. ,

The court finds and concludes that the payment of the $2,142,000.00 by Two Oil to Tampimex was the functional equivalent of a payment under the Letter of Credit issued in its favor by the Bank.

Two Oil contends that Tampimex was an unsecured creditor and that payment to it was a transfer of Two Oil's funds in payment of an antecedent debt. Two Oil argues that since the payment came from its account, not from the Bank, this must be considered a simple preference action.

It was uncontroverted that Two Oil was overdrawn on its account with the Bank immediately before this payment was made. Prior to that payment, the Bank had loaned Two Oil monies which it required to pay off the debt owed to Tampimex. The wire transfer sent by the Bank to Tampimex included the notation that acceptance of the wire transfer cancelled the Letter of Credit which demonstrated that the payment was intended to and did eliminate the Bank's liability and obligation to Tampimex. *See, In re Price Chopper Supermarkets, Inc.*, 40 B.R. 816 (Bkrtcy.S.D. Cal.1984).

In his testimony, Victor Barrett, who was employed by Two Oil and who was a party to the dealings with Tampimex, showed that Two Oil had borrowed against the collateral which was available to cover the Letter of Credit in order to pay the invoice of Tampimex. He testified that Two Oil had requested two extensions of time for the fulfillment of its obligation to Tampimex. On those occasions Two Oil and Tampimex mutually agreed to do what was most convenient for both in the sense of eliminating unnecessary paperwork.

On or about February 26, 1982, the parties mutually agreed that the cash payment for the exchange balance was simpler for the parties than a payment under the Letter of Credit.

A maxim of equity is that equity will order to be done that which ought to have been done. Here, had there been payment pursuant to a demand on the Letter of Credit, the payment would not have been a preference. *See, In re Page*, 18 B.R. 713 (D.C.1982). The facts demonstrate a consensual agreement, the implementation of which was the functional equivalent of such a transaction, i.e., a draw on a letter of credit.

The payment to Tampimex was not a voidable preference under 11 U.S.C. 547.

Let judgment enter accordingly.